UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RACHEL GOODE,

    Plaintiff,

v.                                     Case No: 8:17-cv-743-T-DNF

NANCY A. BERRYHILL, ACTING
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

## OPINION AND ORDER

Plaintiff, Rachel Goode, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"). The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number) and the parties filed memoranda setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A. Social Security Act Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The

impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i). If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments. *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii). If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled. 20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii). If she meets this burden, she will be considered disabled without consideration of age, education and work experience. *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work. *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work. 20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f). If the claimant can still perform her past relevant work, then she will not be found disabled. *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience. *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v). If the claimant is capable of performing other work, she will be found not disabled. *Id*. In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant. *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989). There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert ("VE"). *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004). Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner. *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

**C. Procedural History**

Plaintiff filed an application for a period of disability and DIB on April 26, 2011, and an application for SSI on the same date, alleging a disability onset date of January 30, 2011 in both applications. (Tr. 191-97, 198-204). Plaintiff's claims were denied initially on July 6, 2011, and upon reconsideration on September 12, 2011. (Tr. 140-63). At Plaintiff's request, a hearing was held before Administrative Law Judge ("ALJ") Glen H. Watkins on November 16, 2012. (Tr. 617-57). On January 18, 2013, the ALJ entered a decision finding that Plaintiff was not disabled. (Tr. 584-606). Plaintiff requested review of this decision and the Appeals Council denied Plaintiff's request on September 22, 2014. (Tr. 701-08).

On February 11, 2016, the United States District Court for the Middle District of Florida reversed the ALJ's decision dated January 18, 2013, and remanded the case to the Commissioner for further proceedings. (Tr. 714-27). Pursuant to the District Court's order, the Appeals Council vacated the prior ALJ decision and remanded the case to the ALJ. (Tr. 728-32). The ALJ held a second hearing on May 11, 2016. (Tr. 658-83). On July 7, 2016, the ALJ entered a second decision finding that Plaintiff was not disabled. (Tr. 584-606). On February 6, 2017, the Appeals Council rejected Plaintiff's request for review. (Tr. 574-82). Plaintiff initiated the instant action by

Complaint (Doc. 1) on March 29, 2017. The parties having filed memoranda setting forth their respective positions, this case is ripe for review.

**D. Summary of the ALJ's Decision**

At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 30, 2011, the alleged onset date. (Tr. 590). At step two, the ALJ found that Plaintiff had the following severe impairments: traumatic L-5 spondylolisthesis with fractured ribs, scapula, clavicle, radius, thumb and fingers, status post-surgical; depression and attention deficit hyper-activity disorder ("ADHD"); carpal tunnel syndrome ("CTS"); lupus erythematosus; gunshot trauma to right lung; and, status post-surgical. (Tr. 590). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 592).

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) (pushing, pulling, lifting or carrying twenty pounds occasionally, and ten pounds frequently, with standing, walking and sitting for a full six-eight hour day) except that she should avoid more than occasional (or 1/3 of an eight hour day) overhead reaching with the right arm and more than frequent gross manipulation, can do only occasional unusual postures (crawling, crouching, stooping, kneeling, balancing, and climbing steps or ramps), and must forego climbing of ropes, ladders, and scaffolds. She is relegated to simple, routine SVP 1 and 2 unskilled tasks.

(Tr. 594). At step four, the ALJ found that Plaintiff was not capable of performing her past relevant work as a registered nurse and auction assistant. (Tr. 597).

At step five, the ALJ found that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in the national economy in significant numbers that Plaintiff can

perform. (Tr. 598). Relying on the testimony of the vocational expert, the ALJ found that Plaintiff could perform such jobs as "baker's helper" and "warehousewoman in shipping and receiving." (Tr. 598). The ALJ concluded that Plaintiff was not under a disability from January 30, 2011, the alleged onset date, through July 7, 2016, the date of the decision. (Tr. 599).

**II.     Analysis**

Plaintiff raises three issues on appeal: (1) whether the ALJ erred by exceeding the mandate of the remand and violating the law of the case doctrine; (2) whether the ALJ erred by relying on vocational expert testimony that was not supported by substantial evidence; and (3) whether the ALJ erred by discounting Plaintiff's testimony that she needed to avoid concentrated exposure to unprotected fluorescent lighting due to her lupus and photosensitivity symptoms. The Court will address each issue in turn.

**A. Whether the ALJ erred by exceeding the mandate of the remand and violating the law of the case doctrine.**

In the ALJ's first decision dated January 18, 2013, the ALJ found that Plaintiff could "occasionally reach in all directions, including overhead with her right shoulder." (Tr. 80). On February 11, 2016, the District Court entered an order finding that the Appeals Council erred in concluding that the ALJ's decision was not contrary to the weight of the evidence with respect to the opinion of psychiatrist, Dr. Bedi. (Tr. 726). The District Court remanded the case for Commissioner to either accept Dr. Bedi's opinion or to show good cause for discounting the opinion. (Tr. 726). The District Court's order did not discuss or consider Plaintiff's ability to reach. (Tr. 716-27).

In the ALJ's second (final) decision dated July 1, 2016, the ALJ provided that "the undersigned found the physical condition severe and does not change his conclusions in this new decision. They are not the crux of the remand." (Tr. 590-91). The ALJ's RFC finding in the second

decision provided that Plaintiff "should avoid more than occasional (or 1/3 of an eight hour day) overhead reaching with the right arm and more than frequent gross manipulation." (Tr. 593-94).

Plaintiff argues that the ALJ erred by changing the RFC findings from the first to the second case, omitting the prior finding that Plaintiff could only occasionally reach in all directions with the right upper extremity. (Tr. 594). Plaintiff contends that the ALJ violated the law of the case doctrine by changing the RFC and that the case should be remanded with directions to find that Plaintiff can only occasionally reach in all direction with the right upper extremity, as found in the first decision. (Doc. 22 p. 7-8).

In response, Defendant argues that the ALJ adequately complied with the remand orders from the District Court and the Appeals Council. (Doc. 27 p. 5-8). Defendant contends that even if the law of the case doctrine was applicable, it would not bar the ALJ's reconsideration of Plaintiff's RFC because the case was remanded to consider the medical opinions of Plaintiff's treating psychiatrist, which could alter the ALJ's RFC finding. (Doc. 27 p. 6-7).

Here, the Court need not address whether the law of the case doctrine applies to the instant situation as the ALJ's RFC finding did not materially change from the first to the second RFC finding. The ALJ's RFC, while worded differently, is equivalent between the RFC findings. Thus, the ALJ was not incorrect to state that his conclusions as to Plaintiff's physical RFC did not change.

**B. Whether the ALJ erred by relying on vocational expert testimony that was not supported by substantial evidence.**

Plaintiff argues that the ALJ erred by relying on vocational expert ("VE") testimony that was not supported by substantial evidence. (Doc. 22 p. 8-11). Specifically, Plaintiff contends that the VE's testimony that there were 43,000 baker helper jobs and 29,000 shipping and receiving weigher jobs nationally was not credible. (Doc. 22 p. 8). Plaintiff notes that the VE testified that he got these job numbers from the Occupational Employment Quarterly ("OES), which does not

provide job numbers by Dictionary of Occupational Title numbers, but by Specific Occupational Code (SOC) group. (Doc. 22 p. 8). Plaintiff argues that the SOC groups for the jobs identified by the VE contain over a thousand DOT occupations respectively, and the VE failed to explain how he arrived at the particular jobs numbers for the DOT occupations he identified. (Doc. 22 p. 8-11). In addition, Plaintiff contends that the VE incorrectly identified the SOC group in which "bakery helper" is under, further undermining the VE's testimony. Finally, Plaintiff argues that the VE's testimony conflicted with the DOT, in that the job of shipping and receiving weigher has a reasoning level of 3 despite Plaintiff being limited to "simple, routine SVP 1 and 2 unskilled tasks." (Tr. 594).

Defendant contends that the VE based his job number testimony, at least in part, on his experience as a rehabilitation counselor with the Department of Veterans Affairs, and, thus, the ALJ properly relied on the testimony in his decision. (Doc. 27 p. 10). Defendant argues that there was no apparent conflict between the VE's testimony that Plaintiff could perform the work of a weigher and the DOT requirements for that job. (Doc. 27 p. 12).

Here, the Court finds that Plaintiff has failed to demonstrate that the ALJ committed reversible error. First, Plaintiff has failed to demonstrate that the VE's testimony conflicted with the DOT. The Eleventh Circuit and other circuits have held that no conflict exists between a limitation to simple, routine tasks and a DOT reasoning level of 3. *See Chambers v. Comm'r of Soc. Sec.*, 662 F. App'x 869, 873 (11th Cir. 2016); *Hurtado v. Comm'r of Soc. Sec.*, 425 F. App'x 793, 795-96 (11th Cir. 2011); *Terry v. Astrue*, 580 F.3d 471, 478 (7th Cir. 2009); *Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007).

Second, Plaintiff has failed to demonstrate that the VE's job numbers were unreliable. As Defendant notes, the Eleventh Circuit has recognized that the VE's "recognized expertise provides

the necessary foundation for his or her testimony; no additional foundation is required." *Leonard v. Comm'r of Soc. Sec.*, 409 F. App'x 298, 301 (11th Cir. 2011). At the second hearing, the VE testified that his opinion concerning job numbers was derived from his "professional experience as a rehabilitation counselor with the Department of Veteran Affairs assisting service disabled veterans in getting and keeping employment," the Occupational Outlook Handbook, and the OES (Tr. 673-75). In addition, the VE testified that "[m]y testimony is based upon my experience in manufacturing, and also in the clerical type environments . . ." (Tr. 680). As the VE did not merely regurgitate job numbers from the OES, but utilized the OES in conjunction with his experience and expertise, in making his job number determination, the Court finds no error in the ALJ's reliance on this testimony. *See, e.g., Middleton v. Comm'r of Soc. Sec.*, 2018 WL 1371246, at *7-8 (M.D. Fla. Feb. 27, 2018).

### C. Whether the ALJ erred by discounting Plaintiff's testimony that she needed to avoid concentrated exposure to unprotected fluorescent lighting due to her lupus and photosensitivity symptoms.

Plaintiff argues that the ALJ erred by improperly discounting Plaintiff's testimony that she needs to avoid concentrated exposure to unprotected fluorescent lighting due to her lupus and photsensitivity symptoms. (Doc. 22 p. 11-12). In response, Defendant argues that the ALJ properly evaluated Plaintiff's complaints and substantial evidence supports the ALJ's reasoning. (Doc. 27 p. 13-15).

In this case, the Court finds no error in the ALJ's treatment of Plaintiff's testimony concerning skin rashes and the need to avoid concentrated exposure to unprotected ultraviolet light. In his decision, the ALJ noted the skin manifestations from inflammatory disease, but stated that he did not consider it severe. (Tr. 591). The ALJ further noted that Plaintiff usually denied rash and itching, such as to her Tampa Family Health Center, her general health source. (Tr. 591).

The record shows that Plaintiff denied rash and itching during her April 2016 exam with Nareesha Khan, M.D. and her recent treatment notes from Dr. Norman did not demonstrate ongoing lesions or rashes. (Tr. 1190-92). Furthermore, despite Plaintiff's testimony that Dr. Norman instructed her to stay out of the sun, Plaintiff fails to cite to any records from Dr. Norman directing such a limitation. Plaintiff has failed to demonstrate that the ALJ committed reversible error and the Court will not disturb the ALJ's findings on review.

### III. Conclusion

The decision of the Commissioner is **AFFIRMED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on September 21, 2018.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties